CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 17 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DANNY W. RATCLIFFE, | ) | CASE NO. 4:07CV00050 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | By: B. Waugh Crigler |
| | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's January 11, 2006 applications for a period of disability, disability insurance benefits, and supplemental security income benefits ("SSI") under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq. is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings under the fourth sentence of 42 U.S.C. § 405(g).

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had an amended disability onset of

January 1, 2006[1], had not engaged in substantial gainful activity during the relevant time period, and was insured for benefits through December 31, 2008. (R. 18, 20.) The Law Judge also found plaintiff's chronic degenerative joint disease was a severe impairment[2], but that he did not have an impairment or combination of impairments which met or equaled any listed impairment. (R. 20, 22.) The Law Judge found that the objective evidence did not support a finding that he is precluded from performing all work activity, and he did not believe that plaintiff's allegations concerning the effects of his impairment were credible to the extent alleged. (R. 24.) Plaintiff was found to retain the residual functional capacity ("RFC") to lift and carry up to twenty pounds occasionally and ten pounds frequently; stand, walk, and sit for four to six hours in an eight-hour workday; perform only occasional stooping, crouching, kneeling and crawling; and perform no work around heights or moving machinery. (R. 22.) While the Law Judge believed that plaintiff was unable to perform his past relevant heavy exertional work as a utility worker, by application of the Medical-Vocational Guidelines ("grids") and reference to testimony from the vocational expert ("VE"), the Law Judge found that other work exists in significant numbers in the national economy that he can perform.[3] (R. 26-27.) Accordingly, plaintiff was found not disabled under the Act.

Plaintiff filed a timely request for review by the Appeals Council and submitted

---

[1] At his hearing before the Law Judge, plaintiff amended his alleged disability onset date to January 1, 2006. (R. 18, 274.)

[2] The Law Judge found that plaintiff's hypertension and mental impairment were not severe impairments. (R. 21-22.)

[3] The Law Judge noted the VE revealed that the following jobs were representative of positions plaintiff could perform: parking garage attendant, counter clerk, mail sorter, and ticket taker. (R. 27.)

additional evidence for consideration on administrative appeal. (R. 13, 255-270.) The Appeals Council found no basis in the record, or the reasons advanced on appeal, to review the Law Judge's March 12, 2007 decision. (R. 6-9.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commission. This action ensued.

The Law Judge's resolution of plaintiff's credibility played a large role in his decision adverse to plaintiff. While the Law Judge acknowledged that he suffered an impairment which could cause the subjective complaints alleged by him, he found a virtual dearth of objective test results in the record to support the great level of intensity plaintiff was assigning to his subjective symptoms. (R. 24.) Furthermore, the Law Judge gave less weight to the opinion evidence of plaintiff's treating doctor, Asthma Aszal, M.D., reflecting plaintiff's inability to perform work-related activities over an eight-hour workday essentially because the Law Judge found Dr. Aszal's examinations lacked the "appropriate medical signs and findings to support his opinion." (R. 25.) Instead, he gave controlling weight to the evidence of Charles L. Cook, M.D., a medical expert ("ME") who was present at the hearing. (R. 25-26, 295-308.) While the ME opined that plaintiff possessed the RFC eventually adopted by the Law Judge, the ME noted on several occasions that there was a lack of objective data and findings in the record. (R. 301, 305.)

Along with "Plaintiff's Memorandum In Support of Her (sic) Motion For Summary Judgment," (Pl's Memorandum") he also filed additional evidence.[4] (Pl's Memorandum, Exhibit

---

[4]The Commissioner argues that Exhibit One to plaintiff's Memorandum, purportedly the additional evidence provided to the Appeals Council, contains some medical records which were not provided to the Appeals Council. (Def's Memorandum, p. 15.) Plaintiff disputes the accuracy of this argument. (Pl's Response, pp. 1-8.)

3

1.) The additional evidence includes medical records from the University of Virginia Health System, consisting of laboratory results, as well as results of certain objective diagnostic tests. (*Id.* at pp. 1-25.) The Commissioner acknowledges in his "Memorandum In Support of Defendant's Motion For Summary Judgment" ("Def's Memorandum") filed on April 28, 2008, that the Appeals Council returned the evidence to plaintiff when he made an effort to proffer it on administrative appeal because the evidence was found to cover a period post-dating the Law Judge's March 12, 2007 decision. (Def's Memorandum, p. 8.) In other words, the Commissioner admits the Appeals Council declined to review this evidence because the Council did not believe it related to the period preceding the Law Judge's decision. (*Id.* at pp. 16-17.)

In "Plaintiff's Response To Defendant's Memorandum In Support Of His Motion For Summary Judgment" ("Pl's Response"), he contends that the Appeals Council improperly returned the evidence to him without considering its merits. (Pl's Response, p. 2.) Plaintiff does not believe this evidence lacks materiality or relevance simply because it bears dates after the date of a Law Judge's decision. He offers that non-duplicative, non-cumulative evidence is relevant and material so long as it relates to the period on or before the date of the Law Judge's decision. If that is the case, and he argues it is the case, then the Council had no authority to return it and no choice but to evaluate the evidence and the entire record to determine whether the Law Judge's decision should stand. Because plaintiff does not believe the Commissioner applied the correct standard in evaluating the evidence offered on administrative appeal, he contends that the case should be remanded.

The Regulations provide that the Appeals Council will review a case if the evidence is new, material, and relates to the period on or before the date of the Law Judge's decision. 20

4

C.F.R. §§ 404.970(b), 416.1470(b); *Davis v. Barnhart*, 392 F.Supp.2d 747, 750 (W.D. Va. 2005). Evidence is deemed "new" if it is neither duplicative nor cumulative, and it is "material" if a reasonable probability exists that the evidence would have changed the outcome of the case. *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Davis*, 392 F.Supp.2d at 750-751.

The court is not permitted to adjudicate the merits of a claim upon receipt of new evidence proffered for the first time on judicial review. Instead, it must assess the alleged new evidence to determine its relevance and materiality, and determine whether it likely would have affected the Commissioner's decision had it been before the administration in the first instance. If the evidence is relevant and material, and if it could have affected the administrative decision in the first instance, then good cause will have been shown to remand the case for further proceedings where the claimant would be given an opportunity to present the evidence for the Commissioner's initial consideration. *Cox v. Heckler*, 770 F.2d 411 (4th Cir. 1985). Of course, the court then could review any decision made by the Commissioner on the entire record under § 405(g).

There are at least two important questions presented on this record. The first is whether the Council applied the correct standard in refusing to consider evidence offered on administrative appeal. That question is crucial and must be answered before the court can consider the substantive argument presented by plaintiff that the Commissioner's final decision is not supported by substantial evidence. This is so because the court is not the first arbiter of the evidence, and if the Commissioner declined to consider evidence he should have considered when actually presented to him, then the case should be remanded for that purpose before the

5

Case 4:07-cv-00050-JLK-BWC Document 15 Filed 06/17/08 Page 5 of 8 Pageid#: 102

court conducts a full review under § 405(g). Related is the question of whether a sentence four remand is appropriate where the Council took steps to return the evidence to the claimant rather than retaining it in the record for judicial review.

Interestingly, the standard controlling the court's consideration of the evidence offered for the first time on judicial review is parallel, though not identical, to that controlling the Commissioner's consideration of new evidence on administrative appeal. If the evidence is new and material, in that it relates to the period addressed by the Law Judge, and plaintiff can show good cause why it was not presented below, then a remand for further proceedings is in order. 42 U.S.C. § 405(g). This, of course, infers that the evidence was not presented to the Commissioner. That is not quite the case here, though one might conclude the Commissioner's decision to return the evidence to plaintiff somehow converts it to that which is being presented for the first time on judicial review.

The undersigned agrees with plaintiff that the evidence offered to but rejected and returned to plaintiff by the Council was and remains material and relevant. This is so because it relates to the period preceding the Law Judge's decision, though it bears dates following the period preceding the Law Judge's decision. Among other things, the Law Judge was somewhat critical of plaintiff for not seeking and receiving treatment for his impairments. This evidence shows that plaintiff qualified for financial assistance when treated at the University of Virginia, thus providing an explanation, if accepted, for why he may not have received treatment the Law Judge thought was important to establishing the existence of a disabling impairment in the first place.

In addition, the evidence shows plaintiff underwent range of motion tests, x-rays of the

6

Case 4:07-cv-00050-JLK-BWC   Document 15   Filed 06/17/08   Page 6 of 8   Pageid#: 103

spine and other laboratory tests through the University of Virginia's Department of Rheumatology. The results thereof are so reflected. It may be, as plaintiff argues, that this information supports the limitations placed on him by Dr. Aszal. However, judicial review is not the place for that determination to be made. The administration initially is the proper forum to examine the parties' medical sources because those experts can be questioned in the first instance about the test results.

Having concluded that the evidence proffered to but rejected by the Appeals Council was new and material, in that it related to the period on or before the date of the Law Judge's decision, and believing that the Appeals Council applied an erroneous standard in declining to consider the evidence, it is RECOMMENDED that an Order enter GRANTING plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings under the fourth sentence of 42 U.S.C. § 405(g).

The undersigned does not believe that the presiding court needs to address whether the evidence proffered to the court provides a basis for a sentence six remand. While the Appeals Council certainly has the power to reject the evidence, it does not seem quite right that the Commissioner could rely on that process to convert a review under sentence four of 42 U.S.C. § 405(g) to one under sentence six. Among other things, such a review might deprive plaintiff of counsel fees otherwise available under a sentence four remand.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned

7

not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

06-17-08
Date

8

Case 4:07-cv-00050-JLK-BWC    Document 15    Filed 06/17/08    Page 8 of 8    Pageid#: 105